## *The* STATE *vs. The Inhabitants of* FRYEBURG.

Although the inhabitants of a town may be excusable for a time, when a road becomes defective and out of repair from causes beyond their control, yet they are subject to indictment for unreasonable delay and neglect to put *any one road*, within the town, into suitable repair.

When the obstruction, which occasioned the prosecution, has ceased to exist at the time of trial, so that no expenditure upon the road is necessary, still the town will not be excused from the payment of at least a nominal fine and costs.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

The indictment for neglecting to keep a road in repair, was found *January Term*, 1837. At the trial, which took place at the *November Term*, of the Court of Common Pleas, the defendants offered to prove, that prior to the finding of the bill, they had been indicted in the Supreme Judicial Court, for neglecting to open the same road, and make it safe, passable, and convenient; that a fine had been put on them, and a superintendant appointed to expend the fine upon the road, and to make return into that Court at the term next after the service was performed; and that when the bill was found, the superintendant had expended part of the fine upon the road, but had made no return of his doings. His return was made before the trial, by which it appeared, that when the bill was found, he had expended about one half of the fine, and proposed to expend the residue during the following season. The defendants contended, that the road was to be considered in the custody of the law, and that they were not liable to another indictment on account of its being out of repair, until the fine had been fully expended, or the time of executing the commission had expired. But " the Judge ruled otherwise." It appeared in evidence, that the cause of complaint was partly for neglect to keep the road

open in the winter, during which the bill was found, when blocked up with snow ; and that there was another road running nearly parallel with this from the same points, but somewhat further, which during that · time was kept open and convenient for public travel. " The defendant hereupon contended, that as confining the travel wholly to the latter road, the travelling would be made easier and better, and therefore more convenient and safe for public travel, than if both roads were broken out, and the travel divided between them, they were not bound to keep this road open and broken out ; especially as the last winter was unusually severe in the depth and drifting of the snow ; but the Judge ruled otherwise." The defendants objected, that no judgment could be rendered against them for not breaking out the road, as no fine could be expended in that way, the snow having long before melted away. The Judge overruled the objection. It was shown, that the road was otherwise out of repair. The verdict was guilty, and the defendants filed exceptions.

*Fox* argued in support of the grounds taken at the trial, and cited *stat.* of 1824, *c.* 300, § 4 ; *stat.* of 1836, *c.* 216, § 1 ; *Lowell* v. *Moscow,* 3 *Fairf.* 300 ; *Exparte Baring,* 8 *Greenl.* 137 ; *State* v. *Kittery,* 5 *Greenl.* 254 ; *Rice* v. *Comm'rs of Highways,* 13 *Pick.* 22.

*D. Goodenow, Attorney General,* for the State.

The complaint is, that the Judge decided the law instead of leaving it to the jury. The decision is nothing more than that the towns are obliged to keep *all* their roads in repair. The cases relied on in defence show, merely that a town is not obliged to keep in repair a road laid out, until the time fixed by law for its being opened as a public road. That the town has once before been indicted for neglecting to keep the same road in repair, is no bar to this indictment, and the road may have been once repaired, and again have become dangerous.

The opinion of the Court was prepared by

WESTON C. J. — The law imposes upon towns the duty of keeping the highways in a state of repair, so as to be safe and convenient for travellers, with their horses, teams, carts and carriages

at all seasons of the year. From the pressure of this duty, there must be, by necessary implication, some exceptions. As where a road has sustained an injury, by the operation of causes, over which the town has no control, reasonable time must be afforded to put it in a convenient and safe condition. So if it is rendered impassable while a bridge is rebuilding, or other necessary repairs are in progress, under the authorities of the town, or under an agent appointed by the Court, towns are excused, if they use suitable precautions to put the public upon their guard. *Frost* v. *Inhabitants of Portland,* 2 *Fairf.* 271. The case presents no such justification, on the part of the defendants. Nor does the fact, that there existed, at no great distance, a road nearly parallel, afford any matter in defence. The competent authorities had adjudged both roads to be of public necessity and convenience. The obstruction, which occasioned the prosecution, has ceased to exist, so that no expenditure upon the road is necessary on that account, but this does not in our judgment excuse the town from being liable at least to a nominal fine and costs, for the delinquency which has been found against them.

*Exceptions overruled.*