## PALMER v. CITY OF PORTSMOUTH.

When the circumstances attending an injury by a defect in a highway are fully shown in evidence, the question of care on the plaintiff's part is ordinarily one of fact for the jury; and although the proof of such care be slight, yet, if circumstances are to be weighed and conclusions drawn by them, which may be affected by the credit given to the witnesses, the verdict will not be set aside because, on a case stated, the court might reach a different result.

A fireman of the city in which he lives has no such relation to it as to prevent his maintaining an action under the statute, to recover special damages occasioned by defects in a highway in such city.

Where special damage is sustained by reason of obstructions in a highway, the town is not liable, unless, under the circumstances of the case, it ought to have repaired the defect before the accident happened, and had reasonable opportunity to do so. And there is no distinction between the case of a defect produced by natural causes, and a defect produced by the agency of man, either with or without his fault.

CASE, for special damage to the plaintiff, by obstructions in a highway, which was described in the declaration as leading from Pier Wharf to Anthony street, crossing Middle and Summer streets, and called State street, and alleging that it was defective in that portion of said highway between Middle and Summer streets. And one question was, whether this was a sufficient description of the highway.

The evidence tended to show that the plaintiff was injured while, as a fireman, he was hastening to a fire in the evening, and came in contact with some pieces of board left upon a joiner's work-bench, in the street. The defendant moved for a nonsuit, on the ground that there was no evidence that the plaintiff, at the time, was proceeding with reasonable care and due caution; but the court overruled the motion. On this point the evidence had described fully the time and mode of the accident and the position of the obstruction; that the night was dark, and no lights in that vicinity; and that the plaintiff was then running for the engine to which he belonged. All the other facts which are material appear in the opinion of the court, including the instructions which were excepted to.

The jury having found a verdict for the plaintiff, the defendant moved to set it aside.

*Goodall*, for the plaintiff.

*Hatch, Webster*, and *Hoyt*, for the defendant.

BELLOWS, J. The objection to the declaration seems to us without foundation. It is alleged that, on the day of the accident to the plaintiff, there was a highway in Portsmouth called State street, leading from Pier Wharf to Anthony street, crossing Middle and Summer streets, which the city of Portsmouth was bound to keep in good repair; that the highway was defective in that portion of it which extends from Middle street to Summer street, by reason of certain obstructions, &c. The objection is that there is here no sufficient description of the highway. The *termini* of the highway are distinctly stated, and there is nothing in the case from which it can be inferred that there is any defect in the description of those *termini*. The portion of the street where the obstructions are alleged to have been, is clearly indicated. It is alleged that State street crosses Middle street and Summer street, and that the obstruction was in State street, between those streets. The width of the street is not stated, and it is not necessary to be stated in an action of this kind. The authorities cited for the plaintiff seem to us quite conclusive on this point.

There is no doubt as to the rule that, in actions on the case for negligence, the plaintiff can not recover, if it appears that any fault of his, or any want of due and proper care on his part, has contributed to the damage of which he complains. But this question is a mixed question, of a character peculiarly proper for the determin-

ation of the jury. Almost in the nature of the case, evidence of the occurrence of an injury upon the highway can not be laid before a jury, without its showing something as to the care of the sufferer; and the case must be very extraordinary where there is not evidence competent and proper to be submitted to the jury. If there is evidence which the jury may rightfully consider, the question is for their decision. If, at the close of the plaintiff's case, he has introduced no evidence legally competent to prove an essential part of his case, or if the same state of the evidence exists at the close of the trial, the court may properly order a nonsuit; but, where there is evidence to be weighed, the question is to be left to the jury; and the court do not undertake to determine its weight. Here the circumstances were fully shown by the evidence; and it was a question for the jury whether they showed fault or negligence or want of proper care on the part of the plaintiff; and it was properly submitted to them.

The question was one on which different persons might, perhaps, arrive at different conclusions; and the rule is well settled here, that where evidence is to be weighed, circumstances are to be considered, and conclusions are to be drawn by the jury, which may be affected by the credit they give to the witnesses, a verdict will not be set aside because the court, upon a case stated, might arrive at a different result.

The principle which has been applied by the courts in the case of the servants of railroad companies, who have sustained injuries in the course of their employment, does not seem to us at all applicable to the case of injuries sustained from defects of highways. The liability for the damages sustained in such cases is imposed by statute, which provides, that in case any special damage shall happen to any person by reason of obstructions, &c., he shall recover his damage in an action against the town. (Rev. Stat., ch. 57, sec. 1.) No exception is made, and we can see no reason for making any in such a case. Indeed, we very much doubt whether the rule in the case of railroads may not require to be somewhat guarded and limited.

The remaining question arises upon the instructions of the court; and upon this point the evidence tended to prove that the injury to the plaintiff happened by reason of a joiner's bench and some strips of boards upon it, which had been placed by the side of the street at five or six o'clock, in the afternoon of the day of the accident, by some workmen engaged in repairing a church there; that the plaintiff, who was a fireman of the city of Portsmouth, while hastening to a fire about nine o'clock in the evening, came in contact with these strips of boards, which were then projecting from the work-bench, and was injured; and the principle question in the case arises upon the instruction of the court, " that if the obstruction was in the highway by the fault or neglect of any person, for whose fault or neglect the plaintiff was not responsible, the defendant was liable for any injury caused by the obstruction without carelessness or fault on the part of the plaintiff; although the defendant had no notice of the obstruction, and no opportunity to

remove it; and although the defendant was in no fault on account of its being in the highway, or not being removed."

In *Hubbard* v. *Concord*, 35 N. H. 52, where the defect was caused wholly or in part by ice upon the side-walk, from rain and sleet which had fallen the same evening and previous afternoon, it was decided that the principle to be applied was, that if the defect was caused by the recent sudden action of natural causes, the town was not liable, unless under the circumstances of the case they ought to have repaired the defect before the accident happened, and had reasonable opportunity so to do.

In *Johnson* v. *Haverhill*, 35 N. H. 74, the same principle was applied to the case of a defect or obstruction caused by the act of man, namely, the dropping a stick of wood in the highway from his loaded team, but without his fault or neglect; and thus making a case of inevitable accident. And the question now is, whether the same principle shall be applied in the case of a defect caused by human agency through fault or neglect, but for which blame is to be imputed neither to the plaintiff or defendant. In *Hall* v. *Manchester*, 40 N. H. 410; *Clark* v. *Barrington*, 41 N. H. 44; and *Howe* v. *Plainfield*, 41 N. H. 135, the doctrine of *Hubbard* v. *Concord* has been assumed to apply to all cases of defects which have suddenly happened without fault of the town, whether by the action of natural causes or by the agency of man; and no reason is now suggested or perceived, of force sufficient to require us to overrule these decisions. It will be observed, also, that the principle which lies at the foundation of the decision in *Hubbard* v. *Concord* is, that the statute which imposes the liability upon towns must be understood with the qualification, that the obstructions, or want of repairs causing the injury, existed by some fault or neglect of the town; or in other words, that there had been some neglect of duty; and in announcing this principle no distinction is made between defects arising from natural causes, or from human agency, whether with or without fault. So in *Johnson* v. *Haverhill*, the neglect of the duty to individuals for which the town is liable to suit for damages, is put upon the same ground as the neglect or breach of duty to the public, which subjects the town to indictment.

The principle is there summed up in this inquiry: Does a defect exist that ought to have been remedied before the accident?

In the statute which imposes the liability upon towns, no distinction between defects occasioned by natural causes and the fault of man is stated, nor do we perceive that it is to be implied in any of our legislation upon the subject; and we are aware of no considerations of public policy of such cogency as to require or authorize such a distinction, especially against the authorities referred to. So, also, in opposition to such a distinction, may be suggested the cases where the defect is the result of natural causes, combined with the fault or neglect of man, as by encroachments upon the road with logs, lumber, and otherwise, giving increased effect to the action of the elements; changing the course of water by which, in rains, a hill is gullied, or a bridge or culvert injured, or by neglecting to remove the snow from a building, in consequence of which, by the

action of natural causes it is thrown upon a sidewalk and injures a traveler. In these and numerous other cases that will readily occur, there would be serious difficulty in determining, both as matter of law and of fact, to which class the defect belonged, whether to those caused by the action of the elements or the fault of man; and it must necessarily give rise to many further and nice legal distinctions, which could not fail to create much embarrassment. So, also, where, by the fault of a traveler in respect to his horse, harness, carriage, mode of loading it, or driving, he suddenly breaks down and causes an obstruction in the highway; an additional issue, and often a difficult one, would necessarily arise. Beside, there might be cases where a person maliciously injures a traveler, by casting in the highway at the moment of his passing what would create an obstruction, and which, either at the instant of falling, or while in the act of falling, causes the injury. To hold that the town would be liable in such a case, would not, we think, be consistent with the principles upon which rest the decisions in *Hubbard* v. *Concord*, and *Johnson* v. *Haverhill*. Nor do we think that the provision of the Rev. Stat. (ch. 59, sec. 5), by which the person creating an obstruction or incumbrance, is made liable over to the town for such damages and costs as it has been compelled to pay by reason thereof, can be construed to enlarge the previous liability of the town. That law was made long before the decision of *Hubbard* v. *Concord*, and was probably framed upon the same general ideas in which originated the much earlier law, giving the town a remedy over against any surveyor of highways through whose fault or neglect a damage had happened for which the town had been charged. The doctrine in *Hubbard* v. *Concord*, and *Johnson* v. *Haverhill*, is not in terms or in implication in any degree limited or modified by reference to either of these statutes, but assumes as the governing principle, that the liability of a town is imposed by the statute for the neglect of a duty which it ought to have performed. In this respect it accords with the policy which obtains in the neighboring States of Massachusetts and Maine, where no distinction such as is suggested in the instructions under consideration, has been recognized. *Frost* v. *Portland*, 2 Fairf. 271, where the court say, that the law looks not to the cause of defect or the remedies over, which the town may have. See, also, *Springer* v. *Bowdoinham*, 7 Greenl. 442; and *State* v. *Fryeburg*, 15 Maine 405.

We are therefore of the opinion that the instructions were erroneous, and there must be

*A new trial.*