Aug. 13, 1875. COFRAN v. SANBORNTON.

*Highway—Negligence.*

A highway being encumbered with snow, under such circumstances that the town was not in fault, a person who held the office of surveyor of the district undertook to assist the plaintiff over the incumbrance, and, by reason of his want of ordinary care, the plaintiff's horse was injured. *Held,* that these facts did not tend to show any liability of the town.

FROM MERRIMACK CIRCUIT COURT.

CASE, to recover for an injury to the plaintiff's horse, occasioned by a defect in a highway, which, it was admitted at the trial, Sanbornton was bound to keep in repair. The referee, to whom the action had been referred, reported as follows:

The plaintiff, on the morning of February 5, 1873, went over the road with his horse and sleigh to the house of William S. Dearborn, passing the place of accident, which was a snowdrift near Dearborn's house, extending along the travelled part of the road three or four rods. He returned directly afterwards, and Mr. Dearborn, who was highway surveyor of the district, went in advance of him; and, it being up-hill going in that direction over the drift, more difficult to pass along than when the plaintiff went down over it, Dearborn proceeded to shovel a temporary path, about two feet wide, through the drift, on the left side of the road, for the plaintiff's horse to go in, and the plaintiff attempted to drive through, walking behind, holding the reins and steadying the sleigh, the right runner of which ran on the top of the drift, and the left one in the temporary path. Dearborn negligently dug the path a portion of the way on the left side of the travelled part of the road, in consequence of which the plaintiff's horse sank in the snow as he was passing along, and was injured. The plaintiff's horse was gentle, and the plaintiff had no reason to expect difficulty in driving him in that path, and he was careful in driving. The injury happened in consequence of a want of ordinary care on the part of Dearborn in digging the path. The plaintiff was informed that the surveyor's breaking-out teams would be there very soon, but he preferred not to wait for them: the teams were, in fact, on the way, and passed along and broke out this road within three fourths of an hour after the accident. The town had no notice of this defect in the road before the accident happened, and was guilty of no neglect, unless the negligent digging of the path by Dearborn is chargeable upon the town. If upon the foregoing facts the court shall be of opinion that the town is liable, then I find that the defendants are guilty in manner and form as the plaintiff has declared, and assess damages in the sum of seventy-five dollars; otherwise, I find that the defendants are not guilty in manner and form as the plaintiff has declared.

The questions of law thus raised were transferred to the superior court by FOSTER, C. J.

*F. R. Chase,* for the plaintiff.

*Barnard,* for the defendants.

CUSHING, C. J. The referee's report does not show, and the referee has not found, that the surveyor, when assisting the plaintiff in making his way through the snowdrift, was in the service of the town, or engaged in the performance of his duties as highway surveyor. I think the evidence tends to show that he was not so engaged. The referee does find that the town was not in fault in permitting the condition of the highway to be such as it was on that morning. The surveyor had made arrangements to make the highway passable, and so informed the plaintiff. The plaintiff, by waiting three quarters of an hour, which is not found by the referee to be an unreasonable time, would have had a practicable road to pass over. The plaintiff was too impatient to wait for this, and the surveyor good-naturedly undertook to help him. The evidence does not tend to show, and the referee has not found, that the surveyor in this act was in the employment of the town at all. If he were so, he was engaged in putting the highway in repair; and until he had completed his job, and, as it were, opened the road for travel, it appears to me that the town could not be guilty of negligence.

LADD, J. The legal effect of the findings of the referee is, that the plaintiff's injury did not happen by reason of a defect in the highway, which the town ought before that time to have repaired. This being so, it matters not how the accident happened: the town being in no fault, is not liable. *Palmer* v. *Portsmouth*, 43 N. H. 265.

SMITH, J. The question here is, Did a defect exist that ought to have been remedied before the accident ? *Palmer* v. *Portsmouth*, 43 N. H. 265. The referee has found that the town had no notice of the defect, and was guilty of no neglect, unless it is liable for the negligence of the surveyor. The plaintiff knew of the obstruction in the highway, and attempted to pass over it before the surveyor had completed the work of removing the obstruction within what would seem to be a reasonable time. The evidence tends to show that men of ordinary care and prudence would not have attempted to do this at their own risk, under the circumstances. The plaintiff could not try the experiment at the risk of the town, and is not, therefore, entitled to recover. *Hubbard* v. *Concord*, 35 N. H. 52.

*Judgment on the report for the defendants.*